Dear Representative Scogin:
You have requested an opinion as to whether the St. Tammany Police Jury has the legal authority to create and enforce a weight enforcement program on parish roads. Parish personnel would weigh trucks and issue citations for overweight vehicles with fines to be paid to the police jury. Your counsel has advised that only law enforcement officers could enforce such an ordinance with criminal penalties.
An ordinance regulating weight limitations on parish roads is authorized by the police power delegated by the state in LSA-R.S. 33:1236(28) to the parish governing authority; however, this power is legislative in nature.
LSA-R.S. 33:1242 authorizes the governing authority to enforce the violation of ordinances, such as the proposed weight restriction ordinance, with either criminal or civil penalties. However, R.S. 33:1242 once again is a grant of legislative power, and not a grant of executive powers of enforcement. Powers of criminal enforcement are vested constitutionally in the sheriff as the chief law enforcement officer of the parish, La. Const. Art. V, § 27 (1974). Other law enforcement officers commissioned under other constitutional or statutory authority might also in fact enjoy concurrent jurisdiction with the sheriff to enforce parish ordinances, but there is no police power vested by law for criminal enforcement by arrest or citation in the police jury or its agents.
The other enforcement mechanism provided by R.S. 33:1242, the power of civil enforcement, is perfectly viable as a process for weight enforcement by the policy jury. The police jury is authorized to appoint officers to civilly execute its ordinances and regulations, R.S. 33:1236(10), and such officers could be appointed to enforce a weight restriction ordinance. Whereas the dedication of criminal fines to the police jury would be probably suffer a constitutional infirmity by its infringement of the constitutional sovereignty of the courts and legislature, respectively, such infirmity would be cured by a civil enforcement procedure wherein the police jury would act as the plaintiff seeking judicial recognition and enforcement of civil fines in those cases where the fines were not paid by consent. The enforcement officers would not issue a citation, which is criminal process, but rather a "Notice of Violation" which would become formalized into a civil petition if the fine was not paid within the prescribed period. The District Attorney, in his or her capacity as the legal adviser to the police jury, could file suit and judicially collect fines on its behalf. An agreement between the D.A. and police jury to recompense the D.A. for administrative costs in civilly enforcing the fines might be required.
In our opinion, the parish governing authority may lawfully enact an ordinance to provide for posted weight restrictions on parish roads and civilly enforce penalties for violations of the ordinance in the manner described above.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ Charles J. Yeager Assistant Attorney General
CJY:tm
Attachment
State of Louisiana
DEPARTMENT OF JUSTICE
WILLIAM J. GUSTI, JR. Baton Rouge Telephone: ATTORNEY GENERAL 504-342-7013 70804
IN RE OPINION NUMBER 89-553A
DECEMBER 29, 1989
90 — POLICE JURIES, etc. LSA-R.S. 33:1242
Honorable Edward G. Scogin State Representative Policy jury may enact weight Louisiana House of Representatives restrictions on parish road, but 2063 2nd Street it has no criminal enforcement Slidell, Louisiana 70458 power of its own.